JOS. L. FRANCIS & WIFE *v.* RICE G. WOODS, &C.

Fraud—Collateral Attack—Former Judgment.

> Though fraud and collusion in a petition be admitted as true, a defendant cannot attack collaterally a judgment rendered 26 years before, especially as she did not avail herself of the provisions of Civil Code, Sec. 421, and Sec. 579, Sub. 8.

APPEAL FROM GARRARD CIRCUIT COURT.

March 20, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The frauds and forgeries which the appellants allege were committed by Bridges, are charged to have constituted the grounds of the proceedings which resulted in the judgment under which Woods holds title to the land in controversy.

It is not directly alleged that any improper practices were resorted to by Bridges touching the proceedings in court, by or through which the appellant's administrator or her guardian ad litem were overreached or misled, or the court imposed upon.

The alleged falsehoods contained in the pleadings and the fabricated exhibits by which they were sustained were matters which were directly put in issue in such suit, and can not in a collateral proceeding be relied upon as sufficient grounds for treating a judgment rendered nearly twenty-six years before this suit was instituted as an absolute nullity.

It is alleged that the whole record in the case of Mary S. Kennedy vs. W. A. Bridges is false and fraudulent from beginning to end, but from this general and indefinite charge it can not be implied that the falsehoods and frauds were practiced in obtaining the judgment by imposing upon the court or misleading the parties.

The charges set up in the pleadings in this case if true, would have been available for a vacation of the judgment in the case of Kennedy vs. Bridges. If Mrs. Francis had seen proper, within twelve months after she became twenty-one years of age to have filed her petition in the proper court, and asked such relief,

Civil Code, Section 421, subsec. 8, Section 579. This she failed to do, hence such judgment remains in full force and effect.

Admitting everything in her pleadings to be true, still no court in this State has the right to treat it as void, nor has the Garrard circuit court the power to vacate or modify it.

Appellees' demurrers were properly sustained, and appellants failing to amend further the circuit court did not err in dismissing their petition.

Judgment affirmed.

Judge PETERS did not sit in this case.

*Bradley, for appellants.*
*Dunlap, A. Harding, for appellees.*

